OPINION AND JUDGMENT ENTRY
This is an appeal from an August 25, 1998 judgment of the Lucas County Court of Common Pleas in which the court denied a motion to withdraw a guilty plea filed by appellant, Lee A. Jeffries. Appellant has filed five assignments of error that are:
"ASSIGNMENT OF ERROR NUMBER ONE
 The trial court erred in accepting Appellant-Defendant's guilty plea under the mandates of Ohio Criminal Rule 11 and the Fourteenth Amendment to the United States Constitution, where because of claimed learning disabilities, Defendant cannot understand the consequences of his guilty plea and cannot knowingly, intelligently and voluntarily enter a plea.
"ASSIGNMENT OF ERROR NUMBER TWO
 The trial counsel representing Appellant was ineffective, in violation of the Sixth Amendment to the United States Constitution.
"ASSIGNMENT OF ERROR NUMBER THREE
 The Appellant's statements to Detective Ross and Sergeant Maxwell were given in violation of his Constitutional rights.
"ASSIGNMENT OF ERROR NUMBER FOUR
 The trial court erred when it denied Defendant-Appellant's motion to suppress statements.
"ASSIGNMENT OF ERROR NUMBER FIVE
 The Court failed to comply with the requirements of Criminal Rule 11 when it accepted Appellant's Guilty Plea."
Before we consider these assignments of error, we will first review the facts and procedure in this case.
Appellant was initially charged with two counts of felonious assault and one count of murder by a grand jury sitting in Lucas County, Ohio on August 25, 1992. He entered not guilty and not guilty by reason of insanity pleas to all charges. After he was examined and found not to have any mental illness that would make him legally insane, he withdrew his not guilty and not guilty by reason of insanity pleas.
On January 15, 1993, appellant entered a guilty plea to the murder charge. The state nolled the remaining charges pending against him. The trial court personally addressed appellant, explained the consequences of a guilty plea, explained the rights he would waive by entering the guilty plea, and accepted the plea after satisfying itself that appellant understood the consequences of his plea.
Appellant subsequently filed a delayed appeal in this court. Counsel was appointed to represent appellant, and after carefully reviewing the record and applicable case law, counsel filed an Anders brief and a request to withdraw. Counsel presented five potential assignments of error in the Anders brief. On September 8, 1995, this court issued a decision and judgment entry in which we ruled: (1) appellant knowingly, intelligently, and voluntarily entered his guilty plea, despite having learning disabilities that prevented him from reading or writing; (2) the record had no evidence to support a finding that appellant received ineffective assistance of counsel; (3) because appellant was not eligible for probation, the trial court did not err when it sentenced appellant without first requesting a presentence investigation and report; (4) the trial court heard from appellant and his attorney prior to sentencing appellant; (5) the sentence imposed by the trial court was not excessive; and (6) this court's independent review of the record did not reveal any arguable issues meriting review, so the judgment of the trial court was affirmed. State v. Jeffries (Sept. 8, 1995), Lucas App. No. L-94-273, unreported.
On July 20, 1998, appellant filed a motion to withdraw his guilty plea in the Lucas County Court of Appeals. The trial court denied his motion, and it is from that denial he now appeals.
The state of Ohio argues that all the issues raised by appellant in this appeal are res judicata because they have all been previously considered or could have been raised and considered in appellant's previous appeal. The state points out that this court has previously applied the doctrine of resjudicata to a motion to withdraw a guilty plea filed pursuant to Crim.R. 32.1 in State v. Wymer (Jun. 27, 1997), Wood App. No. WD-97-014, unreported.
In State v. Wymer, id., this court said:
 "Crim.R. 32.1 provides in pertinent part, `[a] motion to withdraw a plea of guilty * * * may be made only before sentence is imposed * * *, but to correct manifest injustice the court after sentence may set aside the judgment of conviction and permit the defendant to withdraw his plea.' It is well established that `[a] motion made pursuant to Crim.R. 32.1 is addressed to the sound discretion of the trial court * * *' State v. Smith (1977), 49 Ohio St.2d 261, 361 N.E.2d 1324, paragraph two of the syllabus, and this court will not reverse a trial court's ruling on a Crim.R. 32.1 motion absent an abuse of that discretion." Id.
We agree with the state that the trial court in this case did not abuse its discretion when it denied appellant's motion to withdraw his guilty plea on the basis that: "The matters raised in the instant motion were previously addressed in State v.Jeffries (September 8, 1995), Lucas App. No. L-94-273, unreported, and therefore are res judicata."
Accordingly appellant's five assignments of error are not well-taken. The judgment of the Lucas County Court of Common Pleas is affirmed. Appellant is ordered to pay the court costs of this appeal.
JUDGMENT AFFIRMED.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4, amended 1/1/98.
Peter M. Handwork, P.J.
Richard W. Knepper, J.
Mark L. Pietrykowski, J.
CONCUR.